UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:13-cv-04643-CAS(JCx) | Date | November 3, 2014 |
|---|---|---|---|

| Title | JEFFREY WEINSTEIN V. HBE CORPORATION ET AL. |
|---|---|

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Anne Kielwasser | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Andrew Wilson<br>Michael Straus | Lara De Leon<br>Mark Lovell |

**Proceedings:** DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT (Dkt. 20, filed September 29, 2014)

## I. INTRODUCTION

On March 14, 2013, plaintiff Jeffrey Weinstein filed this action against defendant HBE, Inc. ("HBE") in Santa Barbara County Superior Court. Dkt. 1. HBE was served with plaintiff's first amended complaint ("FAC") on June 4, 2013, and timely removed the action to this Court on the basis of diversity jurisdiction on June 26, 2013. Id. Plaintiff's FAC asserts the following claims: (1) wrongful termination in violation of public policy; (2) violation of Labor Code § 1102.5;[1] and (3) violation of Labor Code Private Attorney General Act of 2004, § 2698, *et seq.* ("PAGA"). See Compl. Plaintiff seeks to recover civil penalties, compensatory damages, and punitive damages. Id. In brief, the FAC alleges that HBE terminated plaintiff's employment in retaliation for disclosing information to the California Office of Statewide Health Planning and Development ("OSHPD") regarding the alleged impersonation of an OSHPD officer by an HBE employee. Id.

HBE filed a motion for summary judgment or, in the alternative, partial summary judgment on September 29, 2014. Dkt. 20. Plaintiff opposed the motion on October 14,

---

[1] References to "Labor Code" are to the California Labor Code.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'

| Case No. | 2:13-cv-04643-CAS(JCx) | Date | November 3, 2014 |
|---|---|---|---|
| Title | JEFFREY WEINSTEIN V. HBE CORPORATION ET AL. | | |

2014, dkt. 21, and HBE replied on October 20, 2014, dkt. 22.[2] The Court held a hearing on November 3, 2014. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

**II.   BACKGROUND**

Except where expressly noted, the following facts are not in dispute. Plaintiff Weinstein is a licensed architect in the State of California. Weinstein Decl. ¶ 3. Defendant HBE is a privately held company that constructs hospital facilities throughout the country. Id. ¶ 5-6. In April 2012, HBE hired plaintiff to serve as a Contract Administrator and assigned him to work on the Goleta Valley Cottage Hospital Project ("the Hospital"). Defendant's Statement of Uncontroverted Facts ("DSUF") ¶ 1; Plaintiff's Response to DSUF ("PRDSFU") ¶ 1.

As Contract Administrator, plaintiff was responsible for, among other things, ensuring that HBE's construction contract with the Hospital was administered properly and acquiring the necessary project approvals from the California Office of State Hospital Planning and Development ("OSHPD"), the government entity tasked with monitoring the construction and renovation of California hospitals. DSUF ¶ 2; PRDSFU ¶ 2. Plaintiff's direct supervisor at HBE was Steven Bilsland, Vice President of Contract Administration for Hospital Designer's Inc., a subsidiary of HBE. Bilsland Decl. ¶ 1.

In July 2012, HBE President Fred Kummer ("President Kummer") received a letter from the Hospital's owner expressing dissatisfaction with Weinstein's job performance.

---

[2] Plaintiff asserts that defendant's motion should be denied due to defendant's alleged non-compliance with the meet and confer requirements of Local Rule 7-3. Opp'n at 25. In response, defendant asserts full compliance with Rule 7-3 and argues that the Court should not consider plaintiff's opposition brief, since plaintiff allegedly filed it four days late in violation of Local Rule 7-12. Reply at 13-15. It appears to the Court that both parties made good faith efforts to comply with the Local Rules. Accordingly, the Court declines the parties' invitation to decide this motion on the basis of alleged non-compliance with procedural technicalities. However, the parties are admonished to comply with both the letter and spirit of the Local Rules going forward.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:13-cv-04643-CAS(JCx) | Date | November 3, 2014 |
|---|---|---|---|
| Title | JEFFREY WEINSTEIN V. HBE CORPORATION ET AL. | | |

DSUF ¶ 8; Bilsland Decl. ¶ 7, Ex. A.[3] Soon thereafter, Kummer met with Weinstein in person to discuss the letter. DSUF ¶ 9; PRDSFU ¶ 9. According to plaintiff, Kummer ultimately commended plaintiff for his work, and told him not to be concerned about the letter. Weinstein Decl. ¶ 9. According to Bilsland, he continued to receive complaints from both HBE and Hospital employees regarding plaintiff's deficient job performance. Bilsland Decl. ¶¶ 6, 7.

---

[3] Plaintiff objects to admission of the letter and of any testimony offered by Bilsland regarding it. Object'ns to Bilsland Decl., Nos. 4, 12. Plaintiff asserts that Bilsland's testimony lacks foundation and constitutes inadmissible hearsay, and that the letter also constitutes inadmissible hearsay. Id. The Court finds that proper foundation has been laid for Bilsland's testimony, since Bilsland indicates that he received the letter. Bilsland Decl. ¶ 7. Moreover, neither the letter nor Bilsland's testimony about it constitutes hearsay, since both are offered to demonstrate the effect on the recipient, not the truth of the matters asserted therein. Montoya v. Orange Cnty. Sheriff's Dep't, 987 F. Supp. 2d 981, 993 (C.D. Cal. 2013) ("Statements do not qualify as hearsay when they 'are not offered for the truth of the matter asserted, but [a]re admitted to establish that the statement was made or to demonstrate the effect the statement had on the hearer.'") (quoting U.S. v. Kirk, 844 F.2d 660, 663 (9th Cir. 1988)). Accordingly, the Court OVERRULES plaintiff's fourth and twelfth objections to the Bilsland Declaration. Plaintiff's remaining objections are similarly based on Bilsland's alleged lack of foundation, as well as hearsay and relevance issues. Having reviewed Bilsland's declaration, the Court finds that plaintiff's relevance objections lack merit. Bilsland was plaintiff's direct supervisor, and the entirety of Bilsland's declaration is relevant to HBE's motive for terminating plaintiff's employment. Further, Bilsland repeatedly affirms in his declaration that he personally perceived the events described therein, rendering plaintiff's lack of foundation argument without merit. Moreover, the testimony to which plaintiff objects as inadmissible hearsay—namely, that Bilsland received complaints regarding plaintiff's performance—is not offered to prove the truth of the complaints, but rather, to demonstrate the effect of their receipt on Bilsland and, ultimately, HBE's allegedly proper motive for terminating plaintiff's employment. See Montoya, 987 F. Supp. 2d at 993. Accordingly, the Court OVERRULES the remainder of plaintiff's objections to Bilsland's declaration.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:13-cv-04643-CAS(JCx) | Date | November 3, 2014 |
|---|---|---|---|
| Title | JEFFREY WEINSTEIN V. HBE CORPORATION ET AL. | | |

On August 28, 2012, a meeting took place at the Hospital construction site with Weinstein, HBE project superintendent Ken Murray, Inspector of Record ("IOR") William Justice, and OSHPD Fire and Life Safety Officer Suzanne Sweet ("Officer Sweet") in attendance. DSUF ¶ 14; PRDSFU ¶ 14. During that meeting, Sweet and Weinstein disagreed regarding what specific code section governed the width of a particular hallway. Id. Soon thereafter, Bilsland was informed that Weinstein had allegedly been "belligerent" towards and "argumentative" with Officer Sweet during the August 28, 2012 meeting. DSUF ¶ 15; PRDSFU ¶ 15.

On August 29, 2012, concerned that a rift may have been created in HBE's relationship with OSHPD, Bilsland called Weinstein to discuss the complaint he received regarding Weinstein's interaction with Officer Sweet. DSUF ¶ 16; PRDSFU ¶ 16. Bilsland expressed his disapproval of Weinstein's alleged conduct, and reminded Weinstein of the importance of maintaining a good relationship between HBE and OSHPD. Id. According to Weinstein, during this conversation Bilsland told him that Officer Sweet herself had contacted Bilsland to complain about Weinstein's conduct. Weinstein Decl. ¶ 15; Pl. Depo. 42:23-43:14. Bilsland subsequently informed President Kummer of Weinstein's alleged conduct, and Kummer subsequently contacted Weinstein to impress upon him the importance of maintaining a good relationship with OSHPD. DSUF ¶ 17; PRDSFU ¶ 17. Plaintiff contends that Kummer seemed "privately pleased" that plaintiff had been assertive with Officer Sweet. Weinstein Decl. ¶ 16; Pl. Depo. 154:2-14.

About one week after being counseled by Kummer, plaintiff asked superintendent Murray and Lavar Pitts, another employee, whether they felt that plaintiff had acted inappropriately towards Officer Sweet during the August 28, 2012 meeting. DSUF ¶ 18; PRDSFU ¶ 18. Murray told plaintiff that he believed plaintiff had been aggressive with Officer Sweet. Id. Weinstein then contacted IOR Justice, and requested that he ask Officer Sweet whether she felt Weinstein had been argumentative and belligerent towards her during the meeting. DSUF ¶ 19; PRDSFU ¶ 19. On or about September 25, 2012, IOR Justice informed Weinstein that Officer Sweet told him she did not believe Weinstein had been argumentative or belligerent during the August 28, 2014 meeting, and that she had not contacted Bilsland to complain about Weinstein's conduct. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL  MINUTES - GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:13-cv-04643-CAS(JCx) | Date | November 3, 2014 |
| Title | JEFFREY WEINSTEIN V. HBE CORPORATION ET AL. | | |

On September 28, 2012, plaintiff emailed Officer Sweet apologizing for having believed that she complained about him to Bilsland. DSUF ¶ 20; PRDSFU ¶ 20. In the email, plaintiff asked Officer Sweet to confirm in writing that she had not made this complaint, stating "[i]t is important to me (and my future with HBE) that Steve Bilsland and Fred Kummer know the truth." de Leon Decl., Ex. C (plaintiff's September 28, 2012 email). HBE did not receive a copy of Weinstein's email until after his termination, when Weinstein emailed it to Kummer in an attempt to regain employment with the company. DSUF ¶ 21; PRDSFU ¶ 21.

On October 2, 2012, Brian Coppock, Regional Compliance Officer for OSHPD ("RCO Coppock"), sent Weinstein an email to inform him that he had also received Weinstein's September 28, 2012 email to Officer Sweet. DSUF ¶ 22; PRDSFU ¶ 22. In pertinent part, RCO Coppock's email stated:

> There appears to have been a misrepresentation of the facts in this matter that now involves the misrepresentation and attributing of actions to Suzanne Sweet, FLSO II, and OSHPD FDD that will require my further investigation. I am requesting your assistance in placing me in contact with your direct supervisor Steve Bilsland to review the facts of this reported complaint.
>
> * * *
>
> It is regrettable that you have labored under the misconception that Suzanne Sweet, FLSO II, had made a complaint about you to HBE Corporation.
>
> * * *
>
> The reported misrepresented complaint attributed to Suzanne Sweet, OSHPD FDD FLSO II, however, is now problematic for other reasons and requires addition [sic] investigation by FDD. I am concerned that someone has falsely represented them self [sic] as an OSHPD FDD staff person and made this complaint. Additionally, it may be that another OSHPD FDD staff person made this complaint and this now becomes and [sic] internal policy and personnel issue to be administered by FDD.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:13-cv-04643-CAS(JCx) | Date | November 3, 2014 |
| Title | JEFFREY WEINSTEIN V. HBE CORPORATION ET AL. | | |

\* \* \*

> Please advise me of all the facts known to you about the alleged complaint and provide the contact information for Steve Bilsland so I can contact him to continue the FDD investigation into the alleged complaint and determine the complaining individual's identity for contact and resolution by FDD.

de Leon Decl., Ex. D (RCO Coppock's October 2, 2012 email).

On October 3, 2012, Weinstein contacted Bilsland to inform him of his receipt of RCO Coppock's October 2, 2012 email. DSUF ¶ 23; PRDSFU ¶ 23. During that conversation, Bilsland told Weinstein that Officer Sweet never contacted him to complain about Weinstein, but rather, that the complaint came from another worker on the hospital job site. Id. Also on October 3, 2012, plaintiff responded to Coppock's October 2, 2012 email. In Weinstein's October 3, 2012 email, he provided Coppock with Bilsland's contact information and wrote, in pertinent part:

> One thing [Bilsland] said to me over the phone today which is different than what I was told earlier, is that [Officer Sweet] did not personally call him, but the [Inspector of Record William Justice] reported that I was "belligerent" and "argumentative." Please speak with Steve directly regarding what actually transpired. It does appear, however, that someone either falsely represented themselves as an OSHPD official, or intentionally misrepresented statements by [Officer Sweet] for the expressed purpose of fabricating a claim against me. While I understand your concern regarding persons impersonating OSHPD staff and/or creating fictitious statements attributed to OSHPD, my concern is that such actions can potentially damage my professional reputation established over 30+ years in California.

de Leon Decl., Ex. E (Weinstein October 3, 2012 email).

On October 4, 2012, Bilsland contacted Weinstein and terminated his employment with HBE. DSUF ¶ 27; PRDSFU ¶ 27. HBE maintains that Bilsland told Weinstein that the decision to terminate his employment was "based on a culmination of performance deficiencies exhibited over his short, six month tenure at HBE." DSUF ¶ 27. Further,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:13-cv-04643-CAS(JCx) | Date | November 3, 2014 |
|---|---|---|---|
| Title | JEFFREY WEINSTEIN V. HBE CORPORATION ET AL. | | |

HBE asserts that part of the reason they fired Weinstein was due to his "inability to maintain a proper relationship with OSHPD . . . and his blind compulsion to 'clear his name' at the potential expense of HBE's relationship with OSHPD." Id. ¶ 28. In contrast, Weinstein asserts that Bilsland told him he was being fired "because he wrote his October 3, 3013 e-mail to Brian Coppock." PRDSFU ¶ 27. However, neither party disputes that, prior to calling plaintiff to terminate his employment, Bilsland took notes to prepare for the conversation. PRDSFU ¶ 65. The notes state that HBE had a "number of concerns the last few months" regarding plaintiff's employment, and lists, among other things, the July 2012 letter from the Hospital as well as plaintiff's October 3, 2014 email to Coppock. Bilsland Decl., Ex. D (Bilsland's notes).

      Plaintiff continued to communicate with RCO Coppock following his termination. de Leon Decl., Ex. G. Ultimately, OSHPD concluded that "no complaint was made or received by HBE from any OSHPD FDD personnel." Id. On October 18, 2012, plaintiff also wrote an email to HBE President Kummer, requesting that he reconsider the decision to terminate plaintiff and stating, "[i]t was *never* my intention to involve OSHPD in the situation, I only wished to clear my name, so that you and [Bilsland] would know that my exchange with [Officer Sweet], as with all OSHPD representatives, was respectful and professional. This was my *only* concern." de Leon Decl., Ex. F (emphasis in original).

## III. LEGAL STANDARD

      Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each claim upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

      If the moving party meets its initial burden, the opposing party must then set out specific facts showing a genuine issue for trial in order to defeat the motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); see also Fed. R. Civ. P. 56(c), (e). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Celotex, 477 U.S. at 324. Summary judgment must be granted for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:13-cv-04643-CAS(JCx) | Date | November 3, 2014 |
| Title | JEFFREY WEINSTEIN V. HBE CORPORATION ET AL. | | |

the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322; see also Abromson v. Am. Pac. Corp., 114 F.3d 898, 902 (9th Cir. 1997).

In light of the facts presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 & n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. See Matsushita, 475 U.S. at 587.

## IV. DISCUSSION

As a preliminary matter, defendant contends that Labor Code Section 98.7—as it existed at the time of plaintiff's termination in 2012—required plaintiff to exhaust his administrative remedies with respect to his Section 1102.5 claim before filing this action. Mot. SJ at 19-20. Because plaintiff failed to do so, defendant asserts that this action must be dismissed in its entirety for lack of jurisdiction. Id.[4] Plaintiff counters that administrative exhaustion was not required in 2012 and, in any event, the 2014 enactment of Labor Code section 244(a), which modified Section 98.7 to explicitly reject an administrative exhaustion requirement, applies retroactively to plaintiff's claims. Opp'n at 23.

As one court in this Circuit recently observed, "[w]hether exhaustion is required under [] § 1102.5 has been much debated in the caselaw." Oyarzo v. Tuolumne Fire Dist., 955 F. Supp. 2d 1038, 1100 (E.D. Cal. 2013) (concluding exhaustion was required).

---

[4] This conclusion rests on defendant's assertion that plaintiff's claim for wrongful termination in violation of public policy is "entirely derivative of his Section 1102.5 claim." Mot. SJ at 22.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:13-cv-04643-CAS(JCx) | Date | November 3, 2014 |
|---|---|---|---|
| Title | JEFFREY WEINSTEIN V. HBE CORPORATION ET AL. | | |

The underlying argument for exhaustion is derived in part from <u>Campbell v. Regents of University of California</u>, 35 Cal. 4th 311, 329-33 (2005), where the California Supreme Court found that an employee of the University of California ("UC") was required to exhaust internal UC administrative remedies before filing a section 1102.5 action. In so holding, the Campbell court rejected plaintiff's contention that section 1102.5's silence on the issue of exhaustion meant that exhaustion was not required. <u>Id.</u> at 329-30. The court concluded that, "absent a clear indication of legislative intent, [courts] should refrain from inferring a statutory exemption from [the] settled rule requiring exhaustion of administrative remedies." <u>Id.</u> at 333.

  Subsequently, California Courts of Appeal and federal district courts were split as to whether <u>Campbell</u> required exhaustion of *external* administrative remedies—<u>i.e.</u>, filing a complaint with the California Labor Commissioner pursuant to Section 98.7. The majority of courts interpreted <u>Campbell</u> as imposing such a requirement. These courts reasoned that when a statute such as section 98.7 provides an administrative remedy, and the legislature is silent as to whether exhaustion of that remedy is required prior to filing a civil action, courts will generally presume that exhaustion of the remedy is required. <u>See, e.g.</u>, <u>Warren v. City of Barstow</u>, 2008 WL 5377656, at *1 (C.D. Cal. Dec. 15, 2008) ("The [Campbell] Court held that there was no clear legislative intent to exempt § 1102.5 claims from the general requirement. [] Thus, plaintiff must file a complaint with the Labor Commissioner to exhaust his administrative remedies before filing a § 1102.5 claim."). Courts declining to find such an external exhaustion requirement confined <u>Campbell</u>'s holding to exhaustion of *internal* administrative remedies, noting that the legislature used permissive, not mandatory, language in section 98.7. <u>See, e.g</u>, <u>Turner v. City & Cnty. of San Francisco</u>, 892 F. Supp. 2d 1188, 1203 (N.D. Cal. 2012) ("[T]he statutory language of § 98.7 indicates that exhaustion is permissive.").

  In any event, the legislative landscape changed in 2014 when the legislature enacted Labor Code section 244(a) and Labor Code section 98.7(g), which make clear that a plaintiff is not required to exhaust administrative remedies prior to filing suit for Labor Code violations. <u>See</u> Labor Code § 98.7(g)("In the enforcement of this section, there is no requirement that an individual exhaust administrative remedies or procedures."). Moreover, the Ninth Circuit recently concluded that "in light of the divergent interpretations of lower courts" prior to the 2014 amendments, these amendments apply retroactively to render administrative exhaustion unnecessary for claims brought pursuant to section 1102.5. <u>Reynolds v. City & Cnty. of San Francisco</u>,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:13-cv-04643-CAS(JCx) | Date | November 3, 2014 |
| Title | JEFFREY WEINSTEIN V. HBE CORPORATION ET AL. | | |

576 F. App'x 698, 701 (9th Cir. 2014). In the absence of California state authority to the contrary, this Court is bound by the Ninth Circuit's holding. Accordingly, the Court finds that plaintiff was not required to exhaust his administrative remedies prior to filing this action and declines to dismiss plaintiff's claims on this basis.

### A. Claim for Retaliation Under Labor Code § 1102.5

Plaintiff alleges that defendant violated Labor Code section 1102.5(b), and seeks civil penalties for this alleged violation pursuant to PAGA.[5]

"[California] Labor Code section 1102.5 is a whistleblower statute, the purpose of which is to 'encourage workplace whistleblowers to report unlawful acts without fearing retaliation.'" Soukup v. Law Offices of Herbert Hafif, 39 Cal. 4th 260, 287 (2006) (quoting Green v. Ralee Engineering Co., 19 Cal. 4th 66, 77 (1998)). The statute enjoins employers from retaliating against employees who report or refuse to engage in illegal activity. See Cal. Lab.Code § 1102.5(b), (c). Retaliation can be proven through either direct or indirect evidence. Mokler v. Cnty. of Orange, 157 Cal. App. 4th 121, 138 (2007); Morgan v. Regents of Univ. of California, 88 Cal. App. 4th 52, 67–68 (2000); Thomas v. Costco Wholesale Corp., 2014 WL 819396, at *5 (C.D. Cal. Mar. 3, 2014).

If plaintiff attempts to prove retaliation through indirect, or circumstantial, evidence, then courts apply the burden-shifting analysis first set forth by the United States Supreme Court in McDonnell Douglas v. Green, 411 U.S. 792 (1973). See, e.g., Ferretti v. Pfizer Inc., 2013 WL 140088 (N.D. Cal. Jan. 10, 2013). "Where a plaintiff offers direct evidence of discrimination that is believed by the trier of fact, the defendant can avoid liability only by proving the plaintiff would have been subjected to the same employment decision without reference to the unlawful factor." Morgan v. Regents of the University of California, 88 Cal. App.4th 52, 67–68,(2000). Where direct evidence of retaliation is shown, the burden shifting analysis imposed in circumstantial evidence cases does not apply. Id. at 68.

---

[5] Plaintiff's PAGA claim is predicated on a finding of liability under section 1102.5. See FAC. Thus, a denial or grant of summary judgment as to the section 1102.5 claim will be dispositive of the PAGA claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | **CIVIL MINUTES - GENERAL** | | 'O' |
| Case No. | 2:13-cv-04643-CAS(JCx) | Date | November 3, 2014 |
| Title | JEFFREY WEINSTEIN V. HBE CORPORATION ET AL. | | |

To establish a prima facie case of retaliation, a plaintiff must show (1) he engaged in a protected activity, (2) his employer subjected him to an adverse employment action, and (3) there is a causal link between the two. Patten v. Grant Joint Union High Sch. Dist., 134 Cal. App. 4th 1378, 1384 (2005). "The requisite degree of proof necessary to prove a *prima facie* case . . . on summary judgment is minimal and does not even need to rise to the level of a preponderance of the evidence." Wallis v. J.R. Simplot Co., 26 F. 3d 885, 889 (9th Cir.1994).

Once established, the defendant must rebut the prima facie case with evidence of a legitimate, non-retaliatory explanation for the adverse employment action. Mokler, 157 Cal. App.4th at 138. If the defendant meets that requirement, then the plaintiff must show that the explanation is a pretext for retaliation. Id. (citing Patten, 134 Cal. App. 4th at 1384).

### 1. Plaintiff's Prima Facie Case

At all of the times relevant to this action, section 1102.5(b) provided:

> (b) An employer may not retaliate against an employee for disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation.

Lab. Code § 1102.5(b) (2004).[6]

---

[6] An amended version of section 1102.5(b) came into effect on January 1, 2014. In his opposition, plaintiff quotes from this amended version—relying on language that was not contained in the prior iteration of section 1102.5(b)—to support his contention that he was engaged in protected conduct when he "cooperated" with RCO Coppock's OSHPD investigation by sending the October 3, 2012 email. Opp'n at 18. Specifically, plaintiff relies on language that expands the scope of protected employee conduct to include "providing information to, or testifying before, any public body conducting an investigation, hearing, or inquiry." § 1102.5(b) (2014); Opp'n at 18. Defendant correctly asserts that the current version of section 1102.5 does not apply retroactively to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:13-cv-04643-CAS(JCx) | Date | November 3, 2014 |
| Title | JEFFREY WEINSTEIN V. HBE CORPORATION ET AL. | | |

As explained above, in order to establish a prima facie case of retaliation, a plaintiff must show: (1) he engaged in a protected activity; (2) his employer subjected him to an adverse employment action; and (3) a causal link between the two. Mokler v. Cnty. of Orange, 157 Cal. App. 4th 121, 138 (2007); Ferretti v. Pfizer Inc., 855 F. Supp. 2d 1017, 1025 (N.D. Cal. 2012). Defendant asserts that plaintiff cannot establish that he engaged in protected activity and, even if he could, plaintiff cannot establish the requisite causal connection.

### a. Protected Activity

"An employee engages in protected activity when she discloses to a governmental agency 'reasonably based suspicions of illegal activity.'" Mokler, 157 Cal. App. 4th at 138 (quoting Green v. Ralee Engineering Co., 19 Cal. 4th 66, 86–87 (1989)). However, to hold a "reasonably based suspicion" of illegal activity, "an employee need not prove an actual violation of law." Green, 19 Cal. 4th at 87. Rather, "the employee must be able to point to some legal foundation for his suspicion—some statute, rule or regulation which may have been violated by the conduct he disclosed." Jadwin v. Cnty. of Kern, 610 F. Supp. 2d 1129, 1154 (E.D. Cal. 2009) (citing Love v. Motion Indus., Inc., 309 F. Supp. 2d 1128, 1135 (N.D.Cal.2004)).

Plaintiff asserts that he engaged in protected activity in sending both his September 28, 2012 email to Officer Sweet and his October 3, 2012 email to RCO Coppock. Opp'n

---

conduct at issue, which occurred in 2012. See Layton v. Terremark N. Am., LLC, 2014 WL 2538679, at *2 (N.D. Cal. June 5, 2014) (finding that the prior version of section 1102.5 controlled plaintiff's claims "based on the substantive portion" of the statute); See also, Brenton v. Metabolife Int'l, Inc., 116 Cal. App. 4th 679, 688 (2004) ("[I]f a statutory change is *substantive* because it would impose new, additional or different liabilities based on past conduct, courts are loath to interpret it as having retrospective application.") (citing Tapia v. Superior Court, 53 Cal. 3d 282, 288 (1991)). Accordingly, the Court GRANTS defendant's motion for summary judgment to the extent that it is based on plaintiff's unprotected "cooperating" activity.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          'O'

| Case No. | 2:13-cv-04643-CAS(JCx) | Date | November 3, 2014 |
|---|---|---|---|
| Title | JEFFREY WEINSTEIN V. HBE CORPORATION ET AL. | | |

Mot. SJ at 19. First, plaintiff argues that his September 28, 2012 email disclosed Bilsland's erroneous statement about Officer Sweet lodging a complaint against plaintiff. Id. Second, plaintiff asserts that his October 3, 2012 email "further disclosed information about what [Weinstein] believed were illegal acts being committed by HBE." Opp'n at 19. According to plaintiff, he acted as a whistle blower by exposing that someone was possibly impersonating a public officer in violation of California Penal Code sections 146a and 529.[7] Id. at 11.

      The Court finds that plaintiff has presented the "minimal" amount of proof required at this stage to establish that he engaged in protected activity. Specifically, Weinstein presents a triable issue that he reasonably believed he was disclosing a violation of state law when he sent RCO Coppock the October 3, 2013 email. In that email, Weinstein disclosed that "[o]ne thing [Bilsland] said to me over the phone today which is different than what I was told earlier, is that [Officer Sweet] did not personally call him, but the [Inspector of Record William Justice] reported that I was 'belligerent' and 'argumentative.'" Plaintiff testifies that when he shared this information with RCO Coppock, he was aware that impersonating an OSHPD officer was illegal.[8] In light of plaintiff's evidence, a jury could reasonably conclude that by telling RCO Coppock about Bilsland's inconsistent statements, plaintiff reasonably believed he was disclosing information related to the impersonation of a public official in violation of state law.

      Moreover, the fact that Weinstein's motivation for disclosing this information was, at least in part, to "clear his name," does not render Weinstein's conduct unprotected. As explained in a leading California employment law treatise:

---

[7] Defendant asserts that Weinstein's reliance on these provisions of the penal code is not credible. Mot. SJ at 15. However, the credibility of Weinstein's evidence is a matter for the trier of fact, not the Court.

[8] Defendant argues that plaintiff only became aware that such impersonation was possibly illegal through RCO Coppock's October 2, 2012 email. However, if plaintiff had a reasonable belief that the information he disclosed in his October 3, 2012 email constituted evidence of illegal activity, the source of that belief does not appear to be relevant.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:13-cv-04643-CAS(JCx) | Date | November 3, 2014 |
|---|---|---|---|
| Title | JEFFREY WEINSTEIN V. HBE CORPORATION ET AL. | | |

> [A] whistleblower's motivation is irrelevant to the consideration of whether his or her activity is protected.  Whistleblowing may be prompted by an employee's dissatisfaction, resentment over unfair treatment, vindictiveness, or litigiousness as well as by honest efforts to ensure that the employer is following the law. As long as the employee can voice a reasonable suspicion that a violation of a constitutional, statutory, or regulatory provision has occurred, the employee's report to a government agency may be sufficient to create liability for the employer for retaliation.

2 Advising California Employers and Employees (Cont. Ed. Bar Feb. 2011 supp.) Whistleblower Issues, § 16.7 at 1677; see also Mize Kurzman v. Marin Cmty. Coll. Dist., 202 Cal. App. 4th 832, 850 (2012), review denied (Apr. 25, 2012).

### b.  Causal Link

The causal link may be established by an inference derived from circumstantial evidence, "such as the employer's knowledge that the [employee] engaged in protected activities and the proximity in time between the protected action and allegedly retaliatory employment decision." Morgan v. Regents of Univ. of Cal., 88 Cal. App. 4th 52, 69-70 (2000) (quoting Jordan v. Clark, 847 F.2d 1368, 1376. (9th Cir. 1988). "Essential to a causal link is evidence that the employer was aware that the plaintiff had engaged in the protected activity." Id. (quoting Cohen v. Fred Meyer, Inc., 686 F.2d 793, 796 ((9th Cir. 1982)

Defendant asserts that plaintiff cannot demonstrate a causal link between his protected conduct because it is undisputed that HBE did not possess plaintiff's September 28, 2012 email at the time of his termination, and the October 3, 2012 email did not constitute protected conduct.  Mot. SJ at 16.  However, as discussed above, a jury could find that the October 3, 2012 email constituted protected activity.  Moreover, it is undisputed that HBE was aware of plaintiff's October 3, 2012 email when it made the decision to terminate plaintiff's employment on October 4, 2012—a mere twenty-four

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:13-cv-04643-CAS(JCx) | Date | November 3, 2014 |
| Title | JEFFREY WEINSTEIN V. HBE CORPORATION ET AL. | | |

hours later. Accordingly, plaintiff has met his minimal burden on summary judgment to establish the causation element of his prima facie case for retaliation.[9]

### 2. Defendant's Legitimate, Non-Retaliatory Explanation

"Under the burden-shifting scheme, defendant-employers have the burden of production to proffer evidence of a legitimate, non-retaliatory reason for the adverse employment action taken against a plaintiff-employee." Thomas, 2014 WL 819396, at *6-7 (C.D. Cal. Mar. 3, 2014) (citing Guz v. Bechtel Nat'l, Inc., 24 Cal. 4th 317, 355–56 (2000); St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 507–512 (1993)).

Defendant asserts that it terminated Weinstein for ongoing performance issues. In light of the undisputed evidence that Weinstein was reprimanded by HBE for performance issues identified in the July 2012 letter from the Hospital, the Court finds that defendant has met its burden of production.

### 3. Plaintiff's Evidence of Pretext

Once an employer sustains the burden of producing evidence of a legitimate reason for the termination, the plaintiff must "tender a genuine issue of material fact as to pretext in order to avoid summary judgment." Payne v. Norwest Corp., 113 F.3d 1079, 1080 (9th Cir.1997) (citing Steckl v. Motorola, Inc., 703 F.2d 392, 393 (9th Cir.1983)). "When the plaintiff offers direct evidence of discriminatory motive, a triable issue as to the actual motivation of the employer is created even if the evidence is not substantial." Godwin v. Hunt Wesson, Inc., 150 F.3d 1217, 1221 (9th Cir.1998). "This burden is hardly an onerous one: 'the plaintiff who has established a prima facie case need produce very little evidence of discriminatory motive to raise a genuine issue of fact' as to pretext." Payne, 113 F.3d at 1080 (quoting Warren v. City of Carlsbad, 58 F.3d 439, 443 (9th Cir.1995)). If, however, the plaintiff relies solely on circumstantial evidence, then

---

[9] The parties do not dispute that plaintiff has established the third element of the prima facie case—i.e., that plaintiff was subject to an adverse employment action in the form of termination.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:13-cv-04643-CAS(JCx) | Date | November 3, 2014 |
| Title | JEFFREY WEINSTEIN V. HBE CORPORATION ET AL. | | |

he "must produce 'specific, substantial evidence of pretext.'" Godwin, 150 F.3d at 1121 (quoting Bradley v. Harcourt, Brace & Co., 104 F.3d 267, 270 (9th Cir.1996)).

Plaintiff has identified undisputed, direct evidence of retaliatory motive. Specifically, plaintiff has pointed to the notes taken by Bilsland in preparation for the conversation in which he terminated plaintiff's employment—notes that explicitly reference plaintiff's October 3, 2012 email to RCO Coppock. Opp'n at 14-15. Although HBE counters that Bilsland's notes also contained other, non-retaliatory reasons for plaintiff's discharge, the relative strength of each party's case is a question for the jury, not for this Court at summary judgment, to decide.

### B. Claim for Wrongful Termination in Violation of Public Policy

To succeed on a claim for wrongful termination in violation of public policy, plaintiff must prove (1) he was employed by defendant, (2) defendant discharged him, (3) the alleged violation of public policy was a motivating reason for the discharge, and (4) the discharge caused him harm. Haney v. Aramark Unif. Servs., Inc., 121 Cal. App. 4th 623, 641 (2004); Stoval v. Basin St. Properties, 2013 WL 6002758, at *3 (N.D. Cal. Nov. 12, 2013); Mendoza v. W. Med. Ctr. Santa Ana, 222 Cal. App. 4th 1334, 1338 (2014), reh'g denied (Feb. 11, 2014), review denied (Apr. 23, 2014).

Here, plaintiff's claim for wrongful termination in violation of public policy is premised upon the same set of facts as his claim for retaliatory discharge pursuant to Labor Code section 1102.5. See FAC. In light of this common factual predicate, the Court likewise cannot conclude that HBE is entitled to judgment as a matter of law with regard to plaintiff's wrongful termination claim.

### C. Request for Punitive Damages

Punitive damages are available for plaintiff's common law claim for wrongful termination in violation of public policy and his claim for violation of Labor Code section 1102.5. See, e.g., Teutscher v. Riverside Sheriffs' Ass'n, 2013 WL 1859217, at *2–3, (C.D. Cal. May 1, 2013) (discussing a jury award of punitive damages for claims of wrongful termination and violation of Labor Code section 1102.5); Hennighan v. Insphere Ins. Solutions, Inc., 2013 WL 1758934, at *17–18 (N.D. Cal. Apr. 24, 2013)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:13-cv-04643-CAS(JCx) | Date | November 3, 2014 |
|---|---|---|---|
| Title | JEFFREY WEINSTEIN V. HBE CORPORATION ET AL. | | |

(noting that punitive damages are available for retaliation claims under Labor Code section 1102.5 and for common law wrongful termination in violation of public policy); see also Cal. Civ. Code § 3294.

Under California Civil Code section 3294, punitive damages may be awarded "[i]n an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice[.]" Cal. Civ. Code § 3294(a). "Oppression" means despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights; "fraud" means intentional misrepresentation, deceit, or concealment that deprives a person of property or legal rights; and "malice" means conduct that is intended to cause injury to the plaintiff or despicable conduct that is carried out with a willful and conscious disregard of the rights or safety of others. Cal. Civ. Code § 3294(c). In other words, "[s]omething more than the mere commission of a tort is always required for punitive damages[.]" Taylor v. Sup.Ct.,24 Cal.3d 890, 894–95 (1979).

Viewing all the evidence in the light most favorable to plaintiff, the Court cannot conclude as a matter of law that a jury could not reasonably award plaintiff damages for the allegedly wrongful and retaliatory termination of his employment.

## V. CONCLUSION

In accordance with the foregoing, the Court DENIES defendant's motion for summary judgment, except to the extent that plaintiff's claims are based on conduct not protected by the relevant version of Labor Code section 1102.5.

IT IS SO ORDERED.

|  | 00 | : | 06 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |